```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Teresa L. Hill,                        :

       Plaintiff,              :

   v.                               :       Case No. 2:15-CV-2416

Selene Finance, LP,                    :
                                       Magistrate Judge Kemp
       Defendant.              :

ORDER

      On January 5, 2016, Plaintiff Theresa Hill moved for partial summary judgment.  That motion is directed to the issue of liability.  Ms. Hill has alleged that Defendant Selene Finance, LP, the servicer of her mortgage, failed to respond appropriately to a qualified written request sent on March 4, 2015, improperly reported overdue payments to a consumer reporting agency, and violated the Fair Debt Collection Practices Act by sending her bills reflecting amounts that were not actually owed.  She supported the motion with her own affidavit, but also with requests for admission which were served on Selene Finance on October 1, 2015, and never answered.  By rule (Fed.R.Civ.P. 36(a)(3)), the failure to respond in a timely fashion is deemed an admission.

      The filing of the summary judgment motion provoked two responses from Selene Finance.  First, two days after the motion was filed, Selene moved for an extension of time to respond to all of the written discovery requests served on it on October 1, 2015, and specifically for leave to withdraw its admissions.  Second, it filed a motion for an extension of time to respond to the motion for partial summary judgment, asking that its response date be extended to March 14, 2016, which would permit Selene to

conduct some limited discovery.  Selene represented that it had served discovery which was due to be answered on February 25, 2016.  It also claimed to need time to investigate its own records concerning the mortgage.

The motions present two conceptually different issues.  As to the extension of time, given that Ms. Hill supported her motion with an affidavit, and the affidavit addresses some issues beyond matters which Selene could investigate on its own, granting a short extension of time to respond, which will permit Selene to do some discovery as to the content of the affidavit, is well within the Court's discretion.  See generally Vance by and through Hammons v. United States, 90 F.3d 1145, 1148 (6th Cir. 1996)("[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery").  The extension will not materially delay the resolution of the case, and if partial summary judgment is granted, the matter may move quickly to a damages hearing.  Given the plausibility of Selene's stated reasons for needing extra time and the lack of prejudice to Ms. Hill, the Court will extend the response date to March 14, 2016, as requested.

The matter of the requests for admission relies on different considerations.  The thrust of Selene's argument is that the parties had agreed to postpone responding to discovery until after they mediated the case in December.  When that did not produce a settlement, new counsel entered the case for Selene and contacted Ms. Hill's counsel about scheduling issues.  Within hours after that discussion, the motion for partial summary judgment was filed.  Selene argues that Ms. Hill's use of the admissions is contrary to counsel's understanding about how the case was to proceed, and that it should be allowed to respond to them even if the response is deemed to be late.  In opposition, Ms. Hill argues that there was never an agreement like the one

put forth by Selene, that Selene was simply dilatory in responding to the requests, and that she will be prejudiced by having to engage in additional discovery if the Court allows Selene to withdraw or amend its admissions.  Alternatively, she asks the Court to award her the costs of having prepared and filed her summary judgment motion if Selene is permitted to withdraw its admissions.

The standard by which a court judges a request to withdraw admissions is reflected in this passage from Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147, 154 (6th Cir. 1997):

> A "district court has considerable discretion over whether to permit withdrawal or amendment of admissions." American Auto. [Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.], 930 F.2d [1117 (5th Cir. 1991)] at 1119.  The court's discretion must be exercised in light of Rule 36(b), which permits withdrawal (1) "when the presentation of the merits of the action will be subserved thereby," and (2) "when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." ... In regard to prejudice, "[t]he prejudice contemplated by [Rule 36(b) ] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." Brook Village North Assoc. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982).  Prejudice under Rule 36(b), rather, "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto., 930 F.2d at 1120.

Here, there is no question that allowing Selene to withdraw its admissions will further resolution of the case on its merits.  Selene may, of course, end up still admitting a number of the requests, but to the extent that it possesses information which would allow it, acting in accordance with its responsibility to

-3-

respond to the requests in an objectively defensible manner, to highlight those areas where genuine factual issues exist, granting its motion will promote a merits-based resolution of those matters.  Further, there is no prejudice to Ms. Hill.  If she has to prove a fact which is in dispute, that has been her burden all along.  She has shown no inability to pursue discovery just because the admissions were not timely answered.  Further, the Court is not persuaded that by allowing Selene to withdraw its admissions, the partial summary judgment motion will be rendered futile.  It is likely that there are not many disputes about the underlying facts, and the motion is not based exclusively on the admissions.  For that reason, the Court sees no basis upon which to award Ms. Hill the attorneys' fees incurred in preparing the motion.

     For all of these reasons, the Court grants Selene Finance's motions for an extension of time (Doc. 21) and to withdraw its admissions (Doc. 19).  It shall file its response to the summary judgment motion by March 14, 2016, and shall serve its response to the requests for admissions within seven days, if it has not done so already.

/s/ Terence P. Kemp
United States Magistrate Judge